IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BROOKE ANN COPPERTINO, | : | |
|                   Plaintiff, | : | CIVIL ACTION |
| | : | |
|     v. | : | |
| | : | |
| MARTIN O'MALLEY, Commissioner | : | |
| of Social Security[1] | : | NO. 2:23-CV-02444 |

### MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                                 March 4, 2024

Brooke Ann Coppertino ("Plaintiff") seeks review of the Commissioner's ("Defendant") decision denying her claims for supplemental security income ("SSI"). For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

### I.     PROCEDURAL HISTORY

Plaintiff protectively filed for SSI on December 16, 2020, alleging that she became disabled on January 1, 2016, as a result of anxiety, post-traumatic stress disorder ("PTSD"), bipolar disorder, congestive heart failure, bulging lumbar disc, and knee pain. Tr. at 80, 209. After her claims were denied initially, id. at 60-80, and on reconsideration, id. at 81-89, she requested a hearing before an Administrative Law Judge ("ALJ"), id. at 116-19, which took place telephonically on February 10, 2022. Id. at 38-

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner O'Malley should be substituted for Kilolo Kijakazi as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

59.  On June 2, 2022, the ALJ issued a decision finding Plaintiff not disabled.  Id. at 13-32.  On April 25, 2023, the Appeals Council denied Plaintiff's request for review, id. at 1-4, making the ALJ's June 2, 2022, decision the final decision of the Commissioner.  20 C.F.R. § 416.1581.

Plaintiff initiated this action by filing her complaint on June 26, 2023.  Doc. 1.  In response to Plaintiff's brief in support of her request for review, see Doc. 10, Defendant filed an uncontested motion for remand, noting that "further evaluation of Plaintiff's claim is warranted."  Doc. 13 ¶ 2.[2]

## II.   DISCUSSION

The ALJ found that Plaintiff suffered from the severe impairments of status-post acute heart failure with reduced ejection fraction and implantable cardioverter defibrillator placement, degenerative disc disease of the lumbar spine, obesity, bipolar disorder, anxiety disorder, and PTSD.  Tr. at 16.  Notably, the ALJ found Plaintiff had moderate limitation in the areas of interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself.  Id. at 21.  In his residual function capacity ("RFC") assessment, the ALJ found Plaintiff capable of performing sedentary work except that she can stand and/or walk for only four hours while alternating to sitting for ten minutes during every hour of standing or walking; push and pull as much as she can lift or carry; occasionally climb ramps and stairs; never climb ladders, ropes of

---

[2]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges – Extension of Pilot Program (E.D. Pa. Nov. 27, 2020); Doc. 4.

scaffolds; and occasionally stoop and crouch.  Id. at 22.  The ALJ further found Plaintiff limited to detailed but uninvolved tasks; simple, work-related decisions; occasional interaction with supervisors, coworkers and the public; and occasional changes in a routine work setting.  Id.  Plaintiff had no past relevant work, id. at 30, and based on the testimony of the Vocational Expert ("VE"), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, specifically document preparer, surveillance system monitor, and addressing clerk.  Id. 31, 54-55.

In her brief, Plaintiff contends that the ALJ (1) relied upon obsolete and impossible job positions given the limitations in the RFC, and (2) erroneously failed to account for Plaintiff's moderate limitation in her ability to concentrate, persist and maintain pace. Doc. 10 at 3.

In view of Defendant's uncontested motion for remand, I will comment only briefly on the ALJ's decision and some of Plaintiff's issues.  First, Plaintiff argues that the ALJ relied upon jobs that could not be performed by someone with the limitations imposed by the ALJ's own RFC.  Doc. 10 at 4.  At step five of the five-step evaluation process, the Commissioner must determine whether a claimant can perform "other work."  See generally, 20 C.F.R. §§ 416.912(b)(3), 416.920(g).  The burden shifts to the Commissioner to provide "evidence that demonstrates that other work exists in significant numbers in the national economy" that a claimant can perform given the claimant's RFC and vocational factors.  Id. § 416.960(c)(2); see also 42 U.S.C. § 423(d)(2)(A).  Moreover, when a discrepancy exists between a VE's testimony and the

Dictionary of Occupational Titles ("DOT"), the ALJ must address and resolve the conflict. See Social Security Ruling 00-4p, 2000 WL 1898704, at *4.

As previously noted, the ALJ's RFC assessment included limitations to "detailed, but uninvolved" tasks and "no more than occasional changes in a routine work setting." Tr. at 22, 28. These limitations are consistent with the DOT's definition of reasoning level 2, which is the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variable in or from standardized situations." DOT, App'x C - Components of the Definition Trailer, 1991 WL 688702.

As previously noted, the VE identified three occupations; document preparer, (DOT § 249.587-018), surveillance system monitor (DOT § 379.367-010), and addressing clerk (DOT § 209.587-010). Tr. at 54-55. According to the DOT, the jobs of document preparer and surveillance systems monitor both have reasoning levels of 3. See DOT § 249.587-018, 1991 WL 672349; DOT § 379.367.010, 1991 WL 673244. Thus, there is an unresolved conflict between the ALJ's RFC limiting Plaintiff to a DOT reasoning level 2, and the reasoning level required to perform two of the three jobs identified by the ALJ. As for the job of document preparer, the DOT indicates that the position requires an individual to perform a "variety of duties." DOT 249.587-018, 1991 WL 672349. The term "variety," as used in the DOT, is defined as "work situations that involve frequent changes of tasks using different techniques, procedures, or degrees of attentiveness without loss of efficiency or composure." Staten v. Comm'r of Soc. Sec., No. 1:22-CV-00260, 2022 WL 18863825, at *3 (N.D. Ohio Dec. 14, 2022) (quoting

4

DOT). Here, the ALJ limited Plaintiff to "no more than occasional changes in a routine work setting." Tr. at 22, 28. Thus, it appears that the ALJ's RFC assessment would preclude Plaintiff from performing the occupation of document preparer. On remand, the ALJ shall address the inconsistencies between the RFC and adopted VE occupations.

In a related argument, Plaintiff asserts that the jobs identified by the ALJ are obsolete occupations. See Doc. 10 at 9. For example, a Social Security Administration study[3] and several district courts have concluded that the job of addresser is likely an obsolete position. See, e.g., Yanke v. Kijakazi, No. 20-CV-1055, 2021 WL 4441188, at *4 (E.D. Wis. Sept. 28, 2021) (job of "addresser" is "resoundingly obsolete"); N.B. v. Saul, No. 20-CV-01138, 2021 WL 1947526, at *11 (N.D. Cal. May 14, 2021) (noting 2011 Social Security medical-vocational claims review found job of "addresser" to be obsolete). Plaintiff also argues that the document preparer job has become obsolete given 21st-century technology, and that the job of surveillance system monitor has changed drastically, such that the DOT definition of the job is outdated. Doc. 10 at 11-13. On remand, the ALJ should address these concerns, if deemed necessary.

Lastly, Plaintiff argues the ALJ failed to account for all of Plaintiff's established limitations in his RFC findings. See Doc. 10 at 14. Because I will order that this case be remanded for the reasons discussed above, and because Defendant has agreed to offer

---

[3]The study is available online at
https://www.ssa.gov/oidap/Documents/PRESENTATION--TRAPANI%20AND%20HARKIN--OIDAP%2005-04-11.pdf (last visited Feb. 14, 2024).

Plaintiff a new hearing and further evaluate the evidence, Doc. 13 ¶ 3, I do not find it necessary to further address these issues.

### III. CONCLUSION

Defendant has stated that on remand, an ALJ will further evaluate Plaintiff's case, offer an opportunity for new hearing, obtain supplemental vocational evidence at step five, and issue a new decision. Because further evaluation of the evidence and a new hearing should address the issues Plaintiff has presented in her Request for Review, I will grant Defendant's uncontested motion for remand.